Ms. Riccio whenever you're ready. Good morning I am Marie Riccio and may it please the court I am appearing on behalf of the appellant and plaintiff Dr. Rebecca Metzinger. This appeal is with respect to the transfer of a claim alleging violations of the Equal Pay Act that was filed in the Eastern District of Louisiana. The Equal Pay Act as amended was enacted by Congress as an amendment to the Fair Labor Standards Act. In short and this is all I'll say about the act is in terms of its merits. We're very I appreciate you're walking us through this but I think we're very familiar with all of that we have that our court has a long history with these issues and I must kind of say you've been you know ping-ponged around on this and I just that is recognized a little I assume maybe at bottom you just want a home for your case to be heard. That is true except I believe that the correct home is the Eastern District of Louisiana and if I might just present the court with a case that I'm looking at that is not in the brief and I would like to alert you to how I got to this I went back and started to think that maybe we had all gone down a rabbit hole with respect to the Tucker Act because the FSLA simply says that suit may be filed in any court of competent jurisdiction and there is Supreme Court precedent on what constitutes a court of competent jurisdiction and defines it and that was in Lightfoot versus Sendit Mortgage and it's a 137 Supreme Court 553 but I also saw that the Supreme Court in a Breuer case and this is Breuer versus Jim's Concrete of Brevard had a situation in which an FSLA claim was filed in a state court of Florida and the defendant tried to remove it to a district court in the Middle District of Florida under 28 U.S.C. section 1441-A and the Supreme Court said there was no bar to the removal because under 1441-A any civil action brought in a state court of which the district courts of the United States have original jurisdiction may be removed so when I read that I think about the fact that if there's original jurisdiction in the with respect to the removal statute I don't see that the Judge Vance's conclusion in the Eastern District that only the Court of Federal Claims had exclusive jurisdiction over this case was correct and that's really the essence of my argument. This is Judge Prost. I appreciate what you're saying and just for Procedure 28J where if you discover sort of new cases that are relevant if you present them to the court before argument it gives us an opportunity to think about it and it also gives the other side an opportunity to be prepared to respond which is a little bit more challenging in this context so I would just point that out to you for future reference. And I appreciate that Your What I do believe is that it isn't a new concept. In the brief I argued and wrote that the error here was the conclusion that either the Tucker Act or the Little Tucker Act required the court to conclude that the jurisdiction of the Court of Claims was exclusive and really that's where I'm coming from. The certainly Supreme Court precedent would overrule it comes before above anything we say but we do have our own precedent in the Abbey case, correct? That's correct but Abbey found that the Court of Claims has jurisdiction. It did not find that it was exclusive and I think that's the essence of what's happening here. No one... I appreciate the point you're making and I don't want to interrupt you but I'd love to have a cite to that Breuer case that you mentioned. Is that right? You said Breuer? Yes it's B-R-E-U-E-R and the citation is 538 U.S. 691. It's a 2003 decision and the reason why I believe that the court was wrong in and I'm talking about Judge Vance in connection with the conclusion that she relied on a decision that came out of the Fifth Circuit many years ago that actually dealt with the Title VII exhaustion issues and that was the Barnes v. Leavitt decision. See my vague vague recollection is that the government was not a defendant in that case, correct? No and what happened in that case was... I'm sorry did you say the government was not the defendant? It was a civil action brought under both Title VII and Equal Pay Act but what the court had concluded in the Fifth Circuit in 1997 was that they hadn't exhausted remedies under the Title VII claim and actually decided that there was no jurisdiction for the court because of the failure to exhaust remedies and I think since then the Supreme Court has actually come in and cast some doubt on the validity of even that part of Barnes v. Leavitt which was the majority of Barnes v. Leavitt and I believe that's in the Bend decision. I'll pull that in a second but let me ask you about on that case that you just cited to us, the Brewer case, if the government was not a defendant or party in that case, why would it have any relevance to Tucker Act jurisdiction and the Court of Federal Claims? Because... I'm at a disadvantage because I don't have the case in front of me but... Because the court said that the FLSA, because it allows for filing of a suit in any court of competent jurisdiction and that means that you have to have an independent jurisdiction other than the Act itself, allows for a district court to have original jurisdiction and I don't see anything in the Equal Pay Act that distinguishes a claim against the government from a claim against a private corporation if what we're talking about is the meaning of the words court of independent... court of competent jurisdiction. That's why I believe it's significant. Counsel, did you say... I think I understand your point to be that when referring to any court of you're saying that what you've got here is you've got a Supreme Court saying that under federal question jurisdiction the district court in Florida was a court of competent jurisdiction. Correct and we we filed this action, this EPA action under federal question jurisdiction so to me what we have is a include a result that I don't think Congress would have intended and I would say that because there is nothing that I have seen other than that Fifth Circuit decision and it was really almost dicta in which the Fifth Circuit said well Equal Pay Act claims come under Tucker Act and therefore we don't have jurisdiction of them if they're worth more than $10,000. I don't see anything in the Federal Circuit that has concluded that the jurisdiction of the Court of Claims is exclusive. So and when I look at the implications here they're very significant. You have a plaintiff who is in Louisiana and any one of the people who might bring one of these discrimination claims based on on sex and wage discrimination is going to be operating where they have to go hire a lawyer in the Federal Court of Claims or in that that district that that that region they will have to try to subpoena witnesses outside of the jurisdiction where those witnesses reside. This is Judge Stoll. You know one of the concerns I have about what you're saying you're you're saying Abby doesn't doesn't say that the Court of Federal Claims is the only jurisdiction but there's been quite a few courts who have interpreted Abby otherwise. How do you respond to that? Well when I look at what Abby was relying on the Abby also went back to an earlier Fifth Circuit case. It seems like everything started back with a case that years ago just reached the wrong conclusion and in both situations I think it's the Graham v. Hennigan case I believe is what it was. In both situations the court said that it was reaching that decision sui sponte and it hadn't been briefed. I thought that was interesting. That was true for both the case that Judge Vance relied upon and this Hennigan decision Graham v. Hennigar that's what it was Graham v. Hennigar which was at 640 F seconds 732 the 1981 case that was mentioned in Abby. I don't believe that the that those decisions carefully considered what the ultimate results of their conclusion that there was a de facto exclusivity would would cause in terms of the consequences and I believe Abby was wrong not that Abby didn't say what other courts have said think it said. I don't believe Abby was wrong under its facts Abby concluded that the Court of Federal Claims has jurisdiction under the Tucker Act and it does it's just that so does the district court. Well look at 1371 of Abby I mean there were a number of quotes from Abby but that one says and where the federal government is sued for damages or back pay the Court of Competent Jurisdiction can only be one exercising Tucker Act jurisdiction. Well in the end what it concluded was that the Court of Claims has jurisdiction that's the holding the language may be something else but the holding finds jurisdiction in the Court of Claims and we don't disagree with that there is jurisdiction in the Court of Claims it's just that in this case in Dr. Metzinger's case there was also this jurisdiction we believe in the district court and that's based on the language of the statutes there's nothing to suggest that a Court of Competent Jurisdiction is going to exclude the district court when you have a section 1331 arising under jurisdiction. I you referred me to a Fifth Circuit 1981 case when I asked you my question about courts interpreting Abby after Abby to give the Court of Federal Claims exclusive jurisdiction but there are a number of courts that have they're in cited by the government in a different brief in a different case they are you know for example the Tenth Circuit cited Abby and said jurisdiction lies in the Court of Federal Claims and the DC Circuit did I what am I supposed to do with things like that I mean not only is there's a language of Abby that Judge Prost was pointing out and there's the other language as well but also other looking at the issue and agreeing with the Federal Circuit on that that Abby is saying that the Court of Federal Claims has exclusive jurisdiction. Yes well you have the Court of the Federal Circuit has jurisdiction of this case under the Transfer Act I think the Federal Circuit is really going to be the circuit that should interpret what the Court of Claims jurisdiction is the question is whether or not the district courts around the nation also have jurisdiction and if they conclude as Judge Vance did that there is a de facto exclusivity and that's what she says that's what's troubling then I don't think it's correct she didn't have a case that she could rely upon to suggest that there was no jurisdiction in the district court other than a case that she cited which was the earlier circuit opinion that I talked about and that case was since disavowed in many ways because it concluded it had no jurisdiction under Title 7 because it had exhausted remedies had not exhausted remedies and I don't think that was true and it's almost a one small sentence one short sentence of dicta in the end of that case in which the Fifth Circuit talks about the fact that the jurisdiction doesn't exist under the Equal Pay Act because of Tucker and I don't think that any of these other courts in any of the decisions that I read explored what it means to be a court of competent jurisdiction the way the Supreme Court has identified that and I looked at that in the Lightfoot case which was the one I cited 137 Supreme Court 553 and of course we do have the Bournemouth situation that I know that counsel for the government is going to address at length which I didn't want to try to duplicate the argument that I know they're going to be making but to me Breuer is on point to the extent that if a district court has original jurisdiction by virtue of 28 U.S.C. 1331 I don't see how that is in with respect to the FLSA especially since that case addresses an FLSA claim. Okay I think your time is exhausted unless any panel member has further questions. Nope. Okay why don't we hear from the government then thank you. Thank you Judge Prost and may it please the court. The district court possessed federal question jurisdiction to entertain Dr. Metzinger's Equal Pay Act claim under 28 U.S.C. 1331 and therefore erred in transferring the claim for want of jurisdiction. I'm sure you're going to address this in your argument so just let me make sure. I feel like at some point I'm getting whiplash in these cases. I mean initially you asked that the case you argued that the case should be transferred to the Court of Federal Claims and now you're taking a different view. As Judge Stoll alluded to there's a case called Stein recently the same time this case has been briefed. I think you've submitted your red brief in December of 2020 and I think in February of 2021 the government before the First Circuit said that the court was right the district court there for transferring the case another FLSA case to the Court of Federal Claims and the government made a fulsome argument that Abby supported or compelled that. So what am I missing something are there inconsistent positions being taken in these situations by the government or changing positions? Well your honor there shouldn't be I'm not I confess I'm not familiar with Stein but I can tell you that there is supposed to be I'm sorry your honor. You're not even familiar with that case that took place in the first circuit? No your honor I'm not aware of that case. Well what about the fact that the government initially took that same position here in this case and then changed it in the midst of this case? I can speak to that your honor. Okay. It has been the consistent position of our office for some time now that the district courts possess jurisdiction in FLSA and Equal Pay Act cases. There's some question before Abby as to whether the Court of Federal Claims also possessed jurisdiction or not. Abby resolved at least part of that question with respect to whether the Court of Exclusivity question is one that there should not be jurisdictional ping-pong. We regret that there was a lack of coordination on the front end in this particular case. Once the case came to our office we corrected the error in position that was taken. So we respectfully apologize that there has been inconsistent positions. This is Judge Stoll. I didn't hear you say maybe why. Why did the government change its mind in this particular case and decide you know at first to want to transfer the case and is there a reason that you know of? There is not a principled reason. There are some close to 5,000 assistant U.S. attorneys across the country. Not every one. There was a lack of communication in this particular instance. If I'm right about Stein, that seems to be an ongoing issue and I haven't looked at it. There are a number of district courts that have read Abby as requiring that they transfer these FLSA cases back to the Court of Federal Claims. So I'm not really sure how widespread. What are we supposed to do? So you've recognized that the government is taking inconsistent positions because the lack of coordination with the various U.S. attorney's offices around the country. No, there has been coordination, but there was unfortunately there was a failure of communication in this particular case. There has been great efforts to communicate and to try to be consistent, but as your Honor noted, it has not been entirely consistent. Counsel, just so you know, in the Stein case, the First Circuit just issued a decision days ago in which it dismissed the case holding that there was no jurisdiction in the district court and it was exclusively in the Court of Federal Claims agreeing with the government's position. Your Honor, I apologize. I'm not familiar with Stein. It was not cited in the briefs and I'm... One of my law clerks found it just doing a routine search and just so you know, the appeal number is Appeal Number 20-1906 and again, it's in the First Circuit. Well, I would be happy to look at it right now. I'm just letting you know. If the court wishes for us to address that in a supplemental brief, we'd be happy to do so, but this is, to my knowledge, the first time that this court is deciding what is a very important issue on the merits of the question of whether the Court of Federal Claims has exclusive jurisdiction in FILSA claims or Equal Pay Act claims against the United States when the amount of controversy exceeds $10,000. And you don't think that Abby is best read as saying that or is it your view as it seems to have been your friend on the other side or on your side now that it was whatever Abby said was jifta because the only conclusion there was it's in the Court of Federal Claims and it doesn't exclude the District Court. What is that? I agree with Ms. Riccio on that. So you're not arguing that Abby didn't say what it said, you're arguing that we can dismiss that as jifta because the conclusion didn't, in your view, didn't necessarily compel that broader finding. Is that your view? Is that your position? Two answers to the question. Yes, it was jifta. And secondly, I believe the language that Your Honor read from page 1371 of the Abby opinion is actually a citation to a government brief from 1995, long prior to Bormes. Obviously, as the questioning has pointed out, the government's position on these issues has evolved over time and we think... So the government's position now is that before Bormes, we agreed there was exclusive jurisdiction in the Court of whether or not Bormes dislodged that, and you're saying it did and Abby was wrong in its analysis of Bormes. That's right, because Bormes, a unanimous Supreme Court, explained that a self-executing remedial scheme supersedes the gap-filling role of the Tucker Act. Okay, well, do you understand that we would... we can't overrule our own precedent unless we conclude that... We are not asking the Court to overrule Abby. The holding of Abby is that the Court of Federal Claims possesses jurisdiction, but Abby did not consider whether district courts also make your filsa claims. Abby did not squarely hold whether the jurisdiction of the Court of Federal Claims is exclusive, and to answer that question, we respectfully ask the Court to return to the statute, Section 216B, which does not specifically mention the Court of Federal Claims, and instead, it broadly authorizes a remedy in any federal court of competent jurisdiction, not just one federal court, not just the Court of Federal Claims. Congress said any federal court, and so, you know, I would agree with Ms. Riccio, I believe, touched upon this, that it would be truly incongruous for this court to hold that any federal court does not include the district courts when the claim is asserted against the United States, when any federal court does include a district court whenever the filsa or equal pay claim is asserted against a private employer. They're all employers under the Act. They're all... district courts are all courts of competent jurisdiction under the same remedies provision, Section 216B, and so, you know, these are issues that Abby never grappled with, and... Counsel, this is Judge Stoll, okay? I want to ask you something. There's some language in Abby about how the fairest reading of Section 216B is that it affirmatively invokes the forum specification for those damages suits found outside the four corners of the LSA. The Tucker Act is the only available specification that has been identified, and then there's some other language later on and that says that the best reading is that it's natural to read the provision that is 216B as implicitly specifying a forum, the Tucker Act forum, in order to complete the waiver of sovereign immunity. I mean, a lot of the rationale here in Abby seems to be tied to the idea that the Court of Federal Claims is the only place that it is, by referring to a court of competent jurisdiction, the place that it's referring to there, Congress was referring to, was the Court of Federal Claims. So I have two questions for you. One is, what's your response to that? And the second one is, if we feel we are bound by Abby, then what option is there? Because we can't overrule prior panel precedent. Sure, Your Honor, I'm happy to answer that. So we're not asking the court to overrule Abby. Abby obviously held what it held and said what it said. To the extent that Abby said, that the court believes Abby said anything about the exclusivity question in the reasoning of that case, that is dicta and it is not persuasive and not the reasons that we have articulated, Your Honor. And Bormes was the game changer, Your Honor. I mean, there were a lot of old cases before Bormes that looked at this problem from a different perspective. We certainly did look at it from a different perspective before Bormes. Bormes was a game changer. I know after the argument, you're certainly going to look up the Stein case that we've called your attention. You might also look at, since we're talking about the government's position on these matters, at 1370 of Abby, the court cites some of the oral arguments by the Solicitor General in the Bormes case that you might want to take a look at as well or listen to that. I'm familiar with that and I would add that, Your Honor, you know, that was again a statement made by the government prior to the decision in Bormes. And so we respectfully submit Bormes was a game changer and the court should take a fresh look at this and get it right. Do you know what the government considered? The government did not petition for rehearing in Abby. Do you know if there was any consideration or they just thought, as you do now, that Abby is just fine because even the rationale is different. That's dicta that can be ignored by our panel. Yes, it's the latter, Your Honor. It was dicta. We wouldn't normally request reconsideration just with respect to language and an opinion, but this is the case. This is the case to consider in the first instance whether district court jurisdiction is, whether the Court of Federal Claims possesses exclusive jurisdiction or whether this particular district court erred in transferring the case. And so it's important for the court to reach this issue afresh and the Fair Labor Standards Act, Section 216B, it is exactly the kind of self-executing remedial scheme that was you have a remedial scheme that details who can sue for what and where. There is absolutely no reason to resort to the gap-filling role of the Little Tucker Act. But you recognize that in Abby, our court said that statute-specific conclusion takes the FLSA case, this FLSA case, outside the reach of the reading of BORMES, but you say it doesn't, it shouldn't restrain us or constrain us because the conclusion was simply that it stays in the Court of Federal Claims? Your Honor, that's, again, that we respectfully submit that's dicta and it's not persuasive. That reasoning we respectfully submit is inconsistent with BORMES. It's inconsistent with the statutory language of 216B and it's inconsistent with the way that the language in 216B, any federal court of competent jurisdiction, that very same language in the same provision with respect to the same defendant employer is interpreted depending on the nature of the defendant. There's no indication that And because Dr. Metzinger properly invoked the district court's federal question jurisdiction under section 1331, she's entitled to a merits determination in that forum and we respectfully request that the court reverse the district court's transfer order for violating the transfer statute 1631 and ask the court to remand for the district court to adjudicate the merits of Dr. Metzinger's equal PAC claim. Thank you. Mr. Greenspoon, let me just conclude by saying, speaking obviously just for myself, I hope you appreciate the frustration that may exist. Resources of the judiciary are being expended here as they were in the district court in Massachusetts by the first circuit and now that case is presumably heading here where the government will take precisely the opposite view that forced the case to move forward the other way. So I hope you can appreciate that there's at minimum a bit of frustration in terms of the role of the judiciary not to speak to people like Ms. Metzinger who's being ping-ponged around with changing views by the and we should be more consistent. We try to get it right. In this case, before the trial court, the Department of Justice made a motion it shouldn't have made. We own that mistake and we're trying to get it right here in this proceeding on appeal. Mr. Metzinger, can this court get any assurance that DOJ will do an to get its positions lined up? Your Honor, we have two mistakes. These are going to be inadvertent. Some AUs have goofed. What I mean is the position of the current Justice Department to say we deal with the goofs after they happen or are we proactive and try to do an inventory to find out what systems are in the, what cases are in the system and make certain that there's a consistent policy at the AUs level? Your Honor, we have attempted to be consistent. We have broadcast communications within the Department of Justice on this very point and all I can say is, Your Honor, there was a communication breakdown in this case. Ms. Riccio? I apologize. This is Lisa. I apologize. I do believe Ms. Riccio used up all of her rebuttal. Oh, okay. All right. Well, why don't we restore two minutes of rebuttal if she needs it, if she has nothing else to add, we're fine. Counsel? Thank you. She does appear to still be on the line. I'm not sure. Okay, maybe she's muted. Mm-hmm. Okay, I just, I just wanted to alert the court that Judge Vance did not dismiss this case or dismiss it with prejudice. There's a statement in the, in our brief that says that and it's, that's not what happened. She transferred the case based on the fact that she believed she did not have jurisdiction and I did want to correct that. And to make just one more comment about what's been going on with the, um, frankly it feels like a rabbit hole that we've been taking down. Your Honors have sort of suggested that we're looking for a forum. That is true because Dr. Metzinger deserves a forum. But, um, you know, the government's position was in the Eastern District of Louisiana opposite to the position that they took in the Abbey case and it looks like what, again, I would urge the court to do is to go back to these original jurisdiction statutes and do an analysis that doesn't look to what the argument is by the council or the parties but simply what the language of the statutes themselves say because I think that's what I finally tried to do once I also read those opinions that seemed to ping-pong back and forth. Thank you. We thank both sides and the case is adjourned.